MURDOCK, Justice
(concurring specially).
Although I agree with this Court’s decision to deny the petition for a writ of certiorari in this case, I write separately for two reasons.
First, I would note that precertification reviews and utilization reviews are not two separate processes and that a precertification review is merely one type of utilization review. Alabama Admin. Code (Dep’t of Indus. Relations), r. 480-5-5-02(68), defines “utilization review” as “[t]he determination of medical necessity for surgical in-hospital, outpatient, and alternative setting treatments for acute and rehabilitation care.” Rule 480-5-5-.02(60) similarly defines “pre-certification review” as “[t]he review and assessment of the medical necessity and appropriateness of services ....” The fact that Rule 480-5-5-.02(60) goes on to add that precertification reviews are reviews of the medical necessity of services “before [the services] occur” does not mean that a precertification review is not a utilization review. The definition in Rule 480-5-5-02(68) of “utilization review” contains no suggestion that that term does not refer to determinations of medical necessity made before a procedure or treatment actually occurs; to the contrary, it expressly provides that a “[utilization review] includes pre-ceHification for elective treatments,” where the reference to “elective treatments” is a reference to “nonemergency” treatments.[1] See also, e.g., Rules 480-5-5-.06 and -.07 (explaining that lower levels of “utilization review” may provide an “approval of medical services,” but that a higher level of “utilization review” is required to “deny a medical service”); Rule 480-5-5-.09 (titled “Procedure for Pre-Certification” and referencing the applicability of the second and third levels of clinical review of the utilization-review process described in Rule 480-5-5-.07); and Rule 480-5-5-.10 (providing for yet another form of utilization review, “continued-stay review,” applicable to the continuation of hospital stays). In Ex paorte Southeast Alabama Medical Center, 835 So.2d 1042, 1051 (Ala.Civ.App.2002), the Court of Civil Appeals referred to “utilization review, including precertifica. *878 tion of the medical necessity of various treatments.” (Emphasis added).[2]
That said, it is clear enough from the facts presented that the “utilization review” at issue in this case was not a “pre-certification,” at least not a precertification of the nature contemplated by Rules 480-5-5-.08 and -.09. It is the latter rule, Rule 480-5-5-.09, that contains the notice provision that the trial court faulted James River Corporation for not following. I therefore concur in this Court’s denial of certiorari review.
Second, I write to address the following statement in the opinion of the Court of Civil Appeals:
“[E]ven if this court were to extend the notification requirements of precertification review to the utilization-review process, ... it would be incumbent upon the doctors treating Bolton, as providers, to appeal the denial of medical treatment. The rules governing utilization review and precertification review grant the right to appeal an adverse decision only to the provider treating an injured employee.”
James River Corp. v. Bolton, 14 So.3d 868, 875 (Ala.Civ.App.2008). I offer three comments on this statement.
First, even if it were “incumbent” on the provider of medical services to initiate an administrative “appeal” of the employer’s denial, such an appeal would go only to the merits of the employer’s denial — i.e., whether the requested medical treatment was reasonably necessary. The issue in the present case, however, is whether the failure of the employer to follow a prescribed notification procedure is a ground for contempt. Second, even if the issue in this case was the substantive one of whether the requested medical treatment was reasonably necessary, in point of fact I do not see how “it would [have] be[en] incumbent upon the doctors treating Bolton ... to appeal the denial of medical treatment.” Ex parte Southeast Alabama Medical Center decided this issue to the contrary. 835 So.2d at 1050-63 (holding that employees were not required to pursue or exhaust utilization-review procedures and appeals before seeking relief in the circuit court from an employer’s refusal to pay for medical treatments). Finally, I note that, although Rules 480-5-5-.08 and -.09 do contemplate that it will be the employee’s medical provider that requests precertifi-cation, the “right” to such review is the employee’s.

. It is only for ''nonemergency'' procedures that "pre-certification reviews" are even contemplated. Rule 480-5-5-.02(68) continues by explaining that, in contrast to such "pre-certification” reviews, "[cjoncurrent review and, if necessary, retrospective review are required for emergency cases." Moreover, Rule 480-5-5-02(24) defines "elective surgery” simply as "surgery which is medically necessary, yet non-emergency in nature."

. In Ex parte Southeast Alabama Medical Center, the Court of Civil Appeals explained that "the employee's treating physician ... recommended a particular surgical procedure ... as medically necessary,” but before this non-emergency surgery was performed, "[t]he employer refused to pay for this treatment, basing this refusal on the result of its 'utilization review.’ " 835 So.2d at 1059 (emphasis added). Referring to the regulatory scheme applicable to the situation, the Court of Civil Appeals explained that the legislature had “directed the Department of Industrial Relations to adopt utilization-review procedures for use by the employer or its insurer, if either elects to conduct pre-certification reviews.” Id. (first and final emphasis added).